37 F.3d 1500
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 William M. STONE, Petitioner-Appellant,
v.
Ron EDWARDS, Warden, Respondent-Appellee.
 No. 94-3231.
 United States Court of Appeals, Sixth Circuit.
 Sept. 29, 1994.
 
 Before: KEITH, KENNEDY and SUHRHEINRICH, Circuit Judges.
 
 ORDER
 
 1
 William M. Stone appeals a district court judgment dismissing his second petition seeking a writ of habeas corpus filed pursuant to 28 U.S.C. Sec. 2254. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In 1986, Stone was convicted of theft, felonious assault, carrying a concealed weapon, and aggravated robbery. The Ohio Court of Appeals affirmed his conviction and the Ohio Supreme Court denied further review. Stone then filed his first petition for a writ of habeas corpus in federal court, alleging that: (1) his conviction was obtained in violation of the double jeopardy clause; (2) his indictment was improperly amended; (3) insufficient evidence existed to support his conviction; (4) the trial court was prejudiced and biased against him; and (5) trial counsel rendered ineffective assistance. The district court determined that only Stone's third claim was properly presented to the state courts and that the claim was without merit. The court determined that Stone had procedurally defaulted his remaining claims in the state courts. Stone argued ineffective assistance of appellate counsel solely as cause to excuse this procedural default. He did not, however, raise it as a ground for issuing the writ. The magistrate judge noted that Stone had not raised this argument in state court and that he could still raise this claim in a state post-conviction petition. The district court adopted the magistrate judge's report and dismissed the petition. This court affirmed that determination.
 
 
 3
 Stone returned to state court and filed a post-conviction petition, raising the ineffective assistance of appellate counsel claim, as well as other issues. The state courts concluded that his claims were barred by the doctrine of res judicata. Stone then filed his second petition for a writ of habeas corpus in federal court, alleging that: (1) he received ineffective assistance of trial and appellate counsel; (2) insufficient evidence existed to support his conviction; and (3) the trial court improperly instructed the jury. The district court determined that all of these claims were or could have been raised in Stone's prior federal habeas petition. Consequently, his present petition constituted an abuse of the writ and the district court dismissed the case. Stone filed a motion for reconsideration, which the district court denied. Stone has filed a timely appeal. Stone has filed a motion for remand on appeal.
 
 
 4
 Upon review, we conclude that the district court properly dismissed Stone's present habeas petition as an abuse of the writ. See McCleskey v. Zant, 499 U.S. 467, 489-93 (1991). Stone's current claims were either raised and resolved in his prior federal habeas petition or he failed to raise his claims at that time. While Stone was previously told that he could still raise a claim of ineffective assistance of appellate counsel in state court, he failed to raise that claim in his first petition. In addition, he has alleged different grounds for ineffective assistance of appellate counsel in this petition than when arguing cause in his first habeas petition and, since his current claims were not raised previously, they constitute an abuse of the writ. Further, Stone has not shown cause or prejudice to excuse his failure to raise these claims in his prior petition nor has he made a showing that he is actually innocent of his crimes so as to prevent a fundamental miscarriage of justice. Id. at 494-95.
 
 
 5
 Accordingly, we deny Stone's motion for remand and affirm the judgment for the reasons set forth in the district court's opinion and order filed on January 31, 1994. Rule 9(b)(3), Rules of the Sixth Circuit.